# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-1413 CAS |
| | ) | |
| DAVE DORMIRE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This is an independent action for relief from judgment under Rule 60(d)(3) of the Federal Rules of Civil Procedure. Petitioner, a prisoner, has moved to proceed in forma pauperis. Petitioner has submitted an affidavit and prison account statement demonstrating that he does not have sufficient funds to pay the entire filing fee. Hence, the motion to proceed in forma pauperis will be granted, and petitioner will be required to pay an initial partial filing fee of $11.72. Under 28 U.S.C. § 1915(e), the Court is required to review an action filed in forma pauperis and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having reviewed the case, the Court has determined that the action should be dismissed as frivolous.

## 28 U.S.C. § 1915(b)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of

20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Petitioner has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his petition. A review of petitioner's account indicates an average monthly deposit of $58.60, and an average monthly balance of $6.56. Petitioner has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $11.72, which is 20 percent of petitioner's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a petition filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a respondent who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named respondents and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## Procedural Background

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in May 1996. Williams v. Bowersox, No. 4:96-CV-939 CAS (E.D. Mo.) He subsequently filed an amended petition. On September 28, 1999, the Court dismissed petitioner's petition and amended Petition. Petitioner appealed, and the United States Court of Appeals for the Eighth Circuit dismissed the appeal on February 14, 2000. On June 28, 2010, petitioner filed, in his closed habeas corpus action, a "Petitioner Pro-Se Motion for U.S.C.S. Fed. Rules Civ. Procedure 60(d)" along with a motion for leave to proceed in forma pauperis. Respondent filed a response to the motion on July 19, 2010. Petitioner then filed a separate motion requesting that his Rule 60(d) motion be filed as an independent action under Rule 60(d)(3). The Court granted petitioner's request and subsequently opened the instant case to address petitioner's Rule 60(d)(3) motion.

## Petitioner's Request for Relief

Petitioner requests relief from the denial of his habeas corpus action, alleging "fraud" by respondent's counsel for failing to provide the Court with a copy of the transcript of his guilty plea.[1] Petitioner alleges that respondent's failure to produce the plea transcript during his 1996 habeas corpus action "denied the District Court the ability to review petitioner's guilty plea proceeding to determine whether the plea was voluntary, knowingly, and intelligently entered in St. Louis County Circuit Court on September 3, 1986 under the U.S. Constitution."

---

[1]The Court was aware of the missing transcript at the time it reviewed petitioner's application for writ of habeas corpus. The absence of the transcript was clearly noted by the Honorable Mary Ann Medler in her Report and Recommendation. See Williams v. Dormire, No. 4:96-CV-939 CAS, Docket No. 28. Judge Medler found that because she accepted as true petitioner's version of the events at sentencing, the transcript was not essential for review of the writ of habeas corpus. Id.

**Rule 60(d)(3)**

Rule 60(b)(3) allows a court to grant relief from a final judgment because of "fraud[,] . . . misrepresentation, or misconduct by an opposing party," but a motion made pursuant to 60(b)(3) must be filed within one year of the judgment, at the latest. Fed. R. Civ. P. 60(c)(1). Rule 60(d)(3) functions as a saving clause: it allows courts to "set aside a judgment for fraud on the court" without a strict time bar.[2]

The standard for "fraud on the court" is, as a consequence, demanding. "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court." Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978) (citations omitted). Fraud under Rule 60(d)(3) "embrace[s] . . . the species of fraud which does or attempts to[] defile the court itself." Wilson v. Johns-Manville Sales Corp., 873 F.2d 869, 872 (5th Cir.1989) (quotation omitted). "Fraud upon the court requires that there was a material subversion of the legal process such as could not have been exposed within the one-year window" provided by what is now Rule 60(c). Apotex Corp. v. Merck & Co., 507 F.3d 1357, 1360 (Fed. Cir. 2007).

The essential elements of an independent Rule 60(d) action are:

(1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud . . . which prevented the [movant] . . . from obtaining the benefit of his [position]; (4) the absence of fault or negligence on the part of [movant]; and (5) the absence of any adequate remedy at law.

---

[2]Rule 60(d)(3) contains the "fraud on the court" provision that was part of the penultimate sentence of Rule 60(b) before its 2007 revision. The change was stylistic only, see Fed. R. Civ. P. 60, Advisory Committee Notes, 2007 Amendments, and thus interpretations of the prior "fraud upon the court" language apply equally to the new Rule 60(d)(3).

Bankers Mortg. Co. v. United States, 423 F.2d 73, 79 (5th Cir. 1970). Independent actions for relief under subsection (d) "must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." United States v. Beggerly, 524 U.S. 38, 46 (1998) (quoting Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244 (1944)).

Petitioner has failed to allege a fraud upon the Court that would entitle him to relief in an action in equity under Rule 60(d)(3). As stated above, the Court was aware of the missing transcript at the time it ruled petitioner's habeas petition, but the Court found the absence of the transcript to be irrelevant. Respondent made no attempt to hide the fact that the transcript was not included in the record. And the Court reiterates the fact that the transcript was irrelevant to petitioner's habeas proceedings because the knowingness and voluntariness of his guilty plea was not at issue in the case. Additionally, petitioner is not without a legal remedy: he may file a request with the United States Court of Appeals for the Eighth Circuit to file a successive habeas petition. As a result, this action is legally frivolous, and petitioner is not entitled to relief from the judgment.

To the extent that petitioner may be attempting to evade the AEDPA's limitations on filing successive habeas corpus actions by titling this action as one falling under Rule 60(d)(3), the action fails as well. Rule 60 motions challenging the denial of habeas relief are subject to the restrictions on second or successive habeas petitions if the prisoner is attempting to either raise a new ground for relief or attack a federal court's previous resolution of a claim on the merits. Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005). Petitioner is attempting to raise a new ground for relief in this action. Thus, petitioner's claim is subject to the restrictions on filing successive habeas petitions,

and petitioner must receive permission from the United States Court of Appeals for the Eighth Circuit before he may bring such a claim in this Court. 28 U.S.C. § 2244(b)(3).

Accordingly,

**IT IS HEREBY ORDERED** petitioner's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the petitioner shall pay an initial filing fee of $11.72 within thirty (30) days of the date of this Order. Petitioner is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that petitioner's motion for relief from judgment under Rule 60(d)(3) is **DENIED**, and this action is **DISMISSED** as legally frivolous. [Doc. 1]

A separate Order of Dismissal will be filed with this Memorandum and Order.


**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this  17th  day of August, 2010.